### BRADBURY AND FOSTER vs. GEORGE W. MORGAN. OGILVIE ET AL INTERVENING.

#### APPEAL FROM THE COURT OF THE FIRST DISTRICT.

For the government of judicial proceedings in the United States courts within the limits of Louisiana, its laws directing the mode of practice in the courts of the state, passed prior to the 26th of May, 1824, must be looked to as the legitimate rules of practice in those of the United States, and not those rules of practice which may have been subsequently introduced by the legislative power of the state.

The act of the legislative council of the territory of Orleans, declaring that the personal property of a person against whom a *fi. fa.* shall have been directed, is bound by the delivery of the writ to the sheriff, was not changed until the adoption of the Code of Practice.

The plaintiffs obtained judgment against Paxton & Co.' in the court of the United States, on the 23d January, 1830, for $4709, which was signed on the 3d February following, and on the same day a *fi. fa.* issued. In part satisfaction of said judgment, Paxton & Co. transferred to plaintiffs by notorial act, a judgment in their favour in the parish court, for the parish of Orleans, against C. C. Hofner and brig General Morales, for the sum of $1455. The brig was sold by virtue of the last mentioned judgment, and the proceeds in the hands of the defendant (the Sheriff) was held by him subject to a *fi. fa.* in his hands, which issued on a judgment

obtained in the court of the first district by Ogilvie & Co.
and Armstrong, against Paxton & Co.

This suit was brought against the sheriff to recover the
funds in his hands, accruing from the judgment obtained by
Paxton & Co. against Hofner, and assigned by them to the
plaintiffs. Ogilvie & Co. and Armstrong intervened and
claimed in virtue of the *fi. fa.* in their favor in the hands of
the sheriff. Notice of the assignment was given to the at-
torney in fact of Hofner, on the 24th March, 1830, and to
the attorney in fact of the purchasers of the brig General
Morales, whose notes for her price were held by the defen-
dant, on the 16th April, 1830, and notice to the defendant
on the same day—it being the day before the notes fell due.
The *fi. fa.* in favor of the intervenors was received by the
sheriff on the 13th February, 1830, which was anterior to
any notice of the transfer of the judgment from Paxton & Co·
to the Plaintiffs. There was judgment for the intervenors,
and the plaintiffs appealed.

*Pierce*, for appellants, made the following points.

1st. No execution could issue on the judgment obtained
by intervenors, before notice of the judgment.—*C. P. art.*
624.

2d. James Gourlay & Co. or C. C. Hofner, were the
persons to whom plaintiffs were bound to give notice.· Hof-
ner was the debtor, he owed the judgment to Paxton & Co.;
notice was given to his agent here on the 24th March—at
that time, and indeed at no time was any notice of interve-
nors execution given to him—the debt due by him to Paxton
& Co. was transferred to plaintiffs, and he notified before any
seizure made known to him. Or say, James Gourlay & Co·
to be the debtors, (they having bought the vessel, Hofner's
property, that was sold to satisfy this judgment of Paxton &
Co. *vs.* Hofner); notice was given to them of the transfer
to plaintiffs, and no notice was given by the intervenors of
their execution to them.

The code is express, that the transferree is possessed as to

Eastern District, third persons, after notice has been given to the debtor of the
June 1831.
transfer having taken place:—the sheriff was not debtor.

BRADBURY AND          The *fi. fa.* of plaintiffs was prior to intervenors and gave
FOSTER
*vs.*          a lein.   Hanna *vs.* His Creditors, 12th *Martin*, 66.    Mor-
G. W. MORGAN.
*Ogilvie et al. int.* gan was notified before the money came in his hands.

*Sterrett*, contra.

1st.   The *fi. fa.* of the intervening party reached the
hands of the sheriff before notice of the assignment.   The
*fi. fa.* bound all the personal property of Paxton on the re-
ceipt by the sheriff.   *Bainbridge vs. Clay*, 4 *N. S. p.* 56.

2d.   The *fi. fa.* did not operate a lein in the hands of the
U. S. Marshal.

*Mathews, J.* delivered the opinion of the court.

This suit is against the sheriff, Morgan, to compel him to
pay to the plaintiffs $1455, with interest and damages.  They
claim the principal sum, as belonging to them by assign-
ment from Samuel Paxton & Co., and interest and dama-
ges on account of an illegal detention of it by the defendant.
Ogilvie & Co. and Armstrong intervened, and claim this
money as having been seized in the hands of the sheriff by
an execution which issued on a judgment obtained against
the assignors of the plaintiffs.   The court below decreed
in favour of the intervening party, and the plaintiffs appealed.

The sheriff in this case is a mere stake-holder.   The rights
of the other parties depend on the facts as made out by them
in a statement agreed; from which it appears, on the part of
the plaintiffs, that they had obtained a judgment against Pax-
ton & Co. in the District Court of the United States, on the
23d January, 1830, for $4709 91, which was signed by the
judge on the 3d of February following; and that a *fi. fa.* is-
sued on the same day.   On the 30th of January, Samuel
Paxton, acting for his firm, assigned to the appellants a judg-
ment which Paxton & Co. had previously obtained in the
Parish Court of New-Orleans, against one Hofner and the
brig General Morales.   On this judgment the money now in

dispute came into the hands of the sheriff. It does not ap- Eastern District, *June* 1831
pear that notice of the assigment was given to the debtors
or their agents until the 24th of March, 1830, and the 16th BRADBURY AND FOSTER *vs.*
of April of that year.   On the part of the interveners, the
statement of facts shews that they obtained judgment against G, W. MORGAN. *Ogilvie et al. int.*
Samuel Paxton & Co. in the District Court of the state, on
the 19th of January, 1830, for $4827 15; that a *fi. fa.* issued
on said judgment, which came into the hands of the sheriff
on the 13th of February following; and that by virtue of
this writ, all claims and rights belonging to Samuel Paxton
& Co. were seized, previous to notice of the assignment
made by them to the appellants, &c.

The only doubt as to the correctness of the judgment of For the government of judicial proceedings in the U. States courts within the limits of Louisiana, its laws directing the mode of practice in the courts of the state, passed prior to the 26th of May 1824, must be looked to as the legitimate rules of practice in those of the U. States, and not those rules of practice which may have been subsequently introduced by the legislative power of the state.
the District Court, which can possibly be raised on these
facts and the law applicable to the case, is based on the exe-
cution which issued from the District Court of the United
States.   By an act of congress, passed on the 26th of May,
1824, it is ordained that "the mode of proceeding in civil
causes in the courts of the United States established in the
state of Louisiana, shall be conformable to the laws direct-
ing the mode of practice in the District Courts of that
state," &c.

The legislation of the United States having been made in
reference to the state laws in force at the time the act was
passed, must be considered as embracing their provisions,
and not those of state rules of practice which might be sub-
sequently introduced by the legislative power of the state;
consequently, for the government of judicial proceedings in
the United States courts within the limits of Louisiana, its
laws directing the mode of practice in the courts of the
state, passed prior to the 26th of May, 1824, must be looked
to as the legitimate rules of practice in those of the United The act of the legislative council of the territory of Orleans declaring that the personal property of a person against whom a *fi. fa.* shall have
States.

In the 14th section of the act of the legislative council of
the territory of Orleans, regulating the practice of the supe-
rior court in civil cases, it is declared that the personal pro-

Eastern District,
June 1831.

BRADBURY AND
FOSTER
vs.
G. W. MORGAN,
Ogilvie et al. int.

been directed is bound by the delivery of the writ to the sheriff was not changed untli the adoption of the Code of Practiec.

perty of the person against whom a *fieri facias* shall be directed, shall be bound by the delivery of the writ to the sheriff, who was required to endorse thereon the day and hour on which he received it. It is believed that no change was made in this law by the state legislature until the adoption of our Code of Practice, which took place subsequent to the act of congress of 1824.

If the facs were clearly established that the *fi. fa.* which issued from the District Court of the United States reached the hands of the marshal prior to the 13th of February, 1830, perhaps it would give a lien and preference in favor of the appellants on the fund now in dispute. But there is no evidence shewing when it came into the possession of that officer, and we do not believe that any legal presumption fairly arises from the facts as stated, sufficient to destroy the rights of the appellees acquired under their execution, which was delivered to the sheriff on that day, and operated as a seizure of the money in his hands belonging to the defendants, Samuel Paxton & Co.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be affirmed with costs.